IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01763-GPG

HENRY GONZALES, et al., Mortgage Rescission Petitioner and Crime Victims' Rights Claimant,

    Plaintiff,

v.

AMERICA'S WHOLESALE LENDER (Defunct Corp.),
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC. (Defunct Corp), and
THE BANK OF NEW YORK,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Henry Gonzales, has filed *pro se* a Complaint for Emergency Injunctive Relief and Declaratory Relief and Stay of Imminent Eviction (ECF No. 6). The court must construe the complaint liberally because Mr. Gonzales is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gonzales will be ordered to file an amended complaint.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Gonzales' claims in this action relate to a loan secured by a mortgage on his home.  According to Mr. Gonzales, he is

> a defrauded 'LIBOR Banking Fraud Crime Victim'; a 'Banking-U.S. Dollar Currency Manipulation' Crime Victim; a Banking MBS/REMIC Securities Fraud Crime Victim and a 'Grand Theft Real Estate' Crime Victim.  Plaintiff sue[s] Defendants for emergency injunctive and declaratory relief and to stay an imminent eviction, and states: I am respectfully requesting that the Court grant me the complete and full complement of rights, protections and relief as require[d] in law, as a crime victim of multiple Federal 'Felony Banking Crimes'.  I am in [im]minent danger of being illegally evicted from my family home and need this Court to immediately intervene on my behalf, **to Order an[] Emergency Temporary Restraining Order and Reverse** all actions taken against me and my family home.  The U.S. Department of Justice (DoJ) and the Federal Bureau of Investigation (FBI) has successfully secured multiple 'Criminal Banking Convictions' against several financial

> institutions and their respective employees. These aforesaid Felony convictions (Felony 'London Inter Bank Offered Rate' (LIBOR) Manipulation and Felony 'U.S. Dollar/Currency Manipulation'), clearly illuminated how these illegal banking schemes financially damaged my deceased Mother and me, **in excess of $300,000.00**.

(ECF No. 6 at 1-2.)

Mr. Gonzales specifically asserts three claims for relief. In his first claim, which is asserted pursuant to 42 U.S.C. § 1983, he contends Defendants have violated his right to equal protection under the United States and Colorado Constitutions. He alleges in support of the equal protection claim that "[t]he County Trustee worked in concert with the Defendants to illegally foreclose[] on my Property TWICE, without any evidence (MBS/REMIC Securitization Trust Documents, Pooled Loans Purchase Agreements, etc.) from the Defendants, proving that they had legitimate 'Standing' to initiate any action against me and my property." (ECF No. 6 at 9.) In his second claim Mr. Gonzales apparently seeks rescission of the mortgage loan pursuant to 15 U.S.C. § 1635, a provision of the Truth in Lending Act. In his third claim Mr. Gonzales seeks to enforce his rights as a crime victim under 18 U.S.C. § 3771 and Colorado state law.

Mr. Gonzales fails to set forth a short and plain statement of his claims showing he is entitled to relief. With respect to his first claim, a person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Furthermore, § 1983 only "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. Gonzales fails to allege facts that

demonstrate Defendants were acting under color of state law or that he was treated differently than similarly situated individuals. With respect to his second claim, Mr. Gonzales fails to allege specific facts that demonstrate he is entitled to rescission under 15 U.S.C. § 1635. With respect to his third claim, the federal and state laws Mr. Gonzales cites do not create or authorize a cause of action against the alleged perpetrators of a federal crime.

Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Therefore, Mr. Gonzales will be directed to file an amended complaint that identifies the specific factual allegations that support each claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Mr. Gonzales is advised that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Finally, to the extent Mr. Gonzales may intend to pursue a claim or claims on

behalf of someone other than himself, as indicated by his use of "et al." in the caption of the complaint, he may not do so. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citing 28 U.S.C. § 1654). Also, to the extent Mr. Gonzales is requesting a temporary restraining order, the District of Colorado local rules provide that "[a] temporary restraining order shall be requested by motion filed separately from the complaint." *See* D.C.COLO.LCivR 65.1(a). Accordingly, it is

ORDERED that Mr. Gonzales file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Gonzales shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Gonzales fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 2, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge