IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01763-GPG

HENRY GONZALES, et al., Mortgage Rescission Petitioner and Crime Victims' Rights Claimant,

    Plaintiff,

v.

AMERICA'S WHOLESALE LENDER (Defunct Corp.),
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC. (Defunct Corp), and
THE BANK OF NEW YORK,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Henry Gonzales, initiated this action by filing *pro se* a "Notice" (ECF No. 1) and a "Request for Immediate Relief and Judicial Protection From Criminal Banking Actions and Grand Theft Real Estate" (ECF No. 1-1).  On August 31, 2015, Mr. Gonzales filed a "Complaint for Emergency Injunctive Relief and Declaratory Relief and Stay of Imminent Eviction" (ECF No. 6).  On September 2, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Gonzales to file an amended complaint that clarifies the claims he is asserting.  Magistrate Judge Gallagher determined the "Complaint for Emergency Injunctive Relief and Declaratory Relief and Stay of Imminent Eviction" did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Gonzales failed to provide a short and plain statement of his claims showing he is entitled to relief.  Magistrate Judge Gallagher warned Mr. Gonzales that, if he failed to file

an amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice.

Mr. Gonzales has not filed an amended complaint as directed. Instead, he has filed on September 24, 2015, a letter (ECF No. 10) seeking clarification of his rights as a crime victim under 18 U.S.C. § 3771 and Colorado state law. Attached to the letter are several affidavits and a copy of the "Complaint for Emergency Injunctive Relief and Declaratory Relief and Stay of Imminent Eviction" previously filed in this action. (*See* ECF No. 10 at 5-61.)

The Court must construe the papers filed by Mr. Gonzales liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Despite the specific instructions provided by Magistrate Judge Gallagher, the letter and attached affidavits filed by Mr. Gonzales in response to the order to file an amended complaint do not comply with the pleading requirements of Rule 8 because he still fails to provide a short and plain statement of his claims showing he is entitled to relief. As a result, Mr. Gonzales fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory

allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.   Because Mr. Gonzales fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the complaint (ECF No. 6) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Gonzales has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   7th   day of     October     , 2015.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court